IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 8:26-cv-2986

AUGUST IMAGE, LLC,

Plaintiff,

v.

JAK MEDIA, INC. d/b/a DISNEY DINING and also d/b/a DINING TIPS,

Defendant.

---

## COMPLAINT

Plaintiff August Image, LLC ("Plaintiff") sues defendant JAK Media, Inc. d/b/a Disney Dining and also d/b/a Dining Tips ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York, NY.

2. Defendant is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 29 Foxtail Circle, Englewood, CO 80113. Defendant's agent for service of process is Registered Agents Inc., 7901 4th Street N, Suite 300, St. Petersburg, FL 33702.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent resides or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I. Plaintiff's Business and History

6. From its offices in New York City and London, Plaintiff represents (all


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

around the world) over 100 of some of the most creative and innovative contemporary photographers working today.

7. Plaintiff boasts a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

8. Plaintiff sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients, Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.

## II. The Work at Issue in this Lawsuit

9. William Arthur "Art" Strieber, Gavin Bond, Joe Pugliese, and Ramona Rosales are some of the many renowned photographers represented by Plaintiff.

10. William Arthur Streiber, a Los Angeles based photographer, is a director specializing in reportage, portraiture, corporate, entertainment, and advertising projects. Mr. Streiber's editorial and entertainment clients include *Vanity Fair*, *Entertainment Weekly*, Wired, *Fortune*, *ESPN*, *GQ*, ABC, CBS, NBC, HBO, A&E, CNN, MCNBC, Paramount, Sony Pictures, DreamWorks, Warner Brothers Studios, Columbia-TriStar, and Universal Studios, to name a few. Over


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

the past 15 years, Mr. Streiber's photography has been selected for annual competitions of PDN, Communication Arts, and American Photography. His work can be viewed on his professional website (at http://www.artstreiber.com/).

11. Gavin Bond is a British-born photographer who captures the worlds of celebrity and fashion culture. He originally studied fashion design at Central Saint Martins but got his start in photography by capturing photographs during fashion runway shows. Today, Mr. Bond is most notable for his behind-the-scenes images of Victoria's Secret annual runway shows and awards ceremonies such as the Golden Globes. He is also well known for his candid portraits of actors and musicians ranging from George Clooney, Rihanna, and Jennifer Aniston, and he is a regular contributor to magazines such as *GQ*. Mr. Bond's work can be viewed on his professional website (at https://www.gavinbond.com/).

12. Joe Pugliese is a native of California who specializes in his favorite form of photography: photographing people. Mr. Pugliese's work can be viewed on his professional website (at http://www.joepug.com/current). He has learned over the years to use lighting, color, angles, shadows, and the background to capture the soul of his subjects which include scientists, authors, performers, creative geniuses, and everyday people. Mr. Pugliese travels extensively for his craft on behalf of his clients which include recognizable print magazines and studio networks such as *Vanity Fair*, *GQ Magazine*, *Esquire*, *Men's Journal*, *Billboard*,


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

*The New Yorker*, NBC Universal, Fox Studios, Apple, Inc, Warner Brothers, Sony Television, Turner Broadcasting, and many more.

13. Ramona Rosales, a photographer based in Los Angeles, CA, portrays femininity and domesticity in her poppy, conventionalized images. Her amazing work has been utilized in numerous tv series and movies including Shelter, Je Ne Suis Pas Seul Sans Toi, and Outside the Lines to name a few. Also notorious for her offbeat, candid celebrity portraits, her photography has appeared consistently in various publications such as *New York Times Magazine*, *The Hollywood Reported*, and *Billboard Magazine*. Ms. Rosales received a Bachelor of Fine Arts from Art Center College of Design and has been exhibited throughout Mexico and the US. Her work can be viewed on her professional website (at https://ramonarosales.com).

14. Mr. Streiber created three (3) professional photographs of Bob Iger titled "AU2361180" (the "First Photograph"), "AU2360968" (the "Second Photograph"), and "AU2360965" (the "Third Photograph"). Mr. Streiber also created a professional photograph of Paul Reubens titled "AU1845725" (the "Fourth Photograph").

15. Mr. Bond created a professional photograph of Dwayne Johnson titled "AU1895710" (the "Fifth Photograph").

16. Mr. Pugliese created a professional photograph of Sydney Poitier and

family titled "AU1895710" (the "Sixth Photograph").

17. Ms. Rosales created a professional photograph of Ryan Murphy titled "AU2478510" (the "Seventh Photograph").

18. Mr. Streiber is the owner of the First Photograph, the Second Photograph, the Third Photograph, and the Fourth Photograph and has remained the owner at all times material hereto.

19. Mr. Bond is the owner of the Fifth Photograph and has remained the owner at all times material hereto.

20. Mr. Pugliese is the owner of the Sixth Photograph and have remained the owner at all times material hereto.

21. Ms. Rosales is the owner of the Seventh Photograph and have remained the owners at all times material hereto.

22. The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph are collectively referred to herein as the "Work."

23. Attached hereto as **Exhibit "A"** is a spreadsheet which identifies each photograph comprising the Work, the corresponding U.S. Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

24. Each photograph comprising the Work was registered by its respective


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

photographer/owner with the Register of Copyrights and was assigned a registration number thereby. True and correct copies of the Certificates of Registration pertaining to the Work are attached hereto as **Exhibit "B."**

25. For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

## III. Defendant's Unlawful Activities

26. Defendant owns and operates a digital services and online media publishing company with marketing focused on various dining at Walt Disney World.

27. Defendant advertises/markets its business through its website (https://www.jakmedia.ca/, https://disneytips.com/, and https://www.disneydining.com/), social media (e.g., https://www.facebook.com/jakmediainc, https://www.facebook.com/disdining/,

https://www.instagram.com/disdining/, https://www.tiktok.com/@disneydining, https://www.threads.com/@disdining, https://www.facebook.com/disneytips/, https://www.tiktok.com/tag/disneytips, https://www.linkedin.com/company/disneytips/, and https://www.instagram.com/disneytips_com/), and other forms of advertising.

28. On multiple dates after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

29. A true and correct copy of the screenshot of Defendant's website, webpage, social media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

30. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

31. Defendant utilized the Work for commercial use.

32. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Work for its own commercial use.

33. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff's earliest discovery of Defendant's unauthorized use/display of at least one photograph comprising the Work was September 30, 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

34. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

35. Plaintiff re-alleges and incorporates paragraphs 1 through 34 as set forth above.

36. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

37. Mr. Streiber owns a valid copyright in the First Photograph, Third Photograph, and Forth Photograph, having registered such photographs with the Register of Copyrights.

38. Mr. Bond owns a valid copyright in the Fifth Photograph, having registered such photograph with the Register of Copyrights.

39. Mr. Pugliese owns a valid copyright in the Sixth Photograph, having


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

registered such photograph with the Register of Copyrights.

40. Ms. Rosales owns a valid copyright in the Seventh Photograph, having registered such photograph with the Register of Copyrights.

41. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s)).

42. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

43. Defendant reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff.

44. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

45. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2005–2024 JAK Schmidt, Inc. All rights reserved."), indicating that Defendant


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12–13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

46. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

47. Plaintiff is entitled to recover its actual damages resulting from

Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

48. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

49. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

50. Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph;

d. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

g. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph or to participate or assist in any such activity; and

h. For such other relief as the Court deems just and proper.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Dated: September 29, 2026.

**Copycat Legal PLLC**
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
jonathan@copycatlegal.com
dan@copycatlegal.com

By: /s/ Jonathan Alejandrino
Jonathan Alejandrino, Esq.
Daniel DeSouza, Esq.